UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Randolph L. Chambers

   v.                                       Civil No. 06-cv-449-PB

Dr. Eppolito, et al.[1]

**O R D E R**

Before the Court is Randolph Chambers' complaint (document nos. 1 & 10),[2] filed pursuant to 42 U.S.C. § 1983.  Chambers, an

---

[1] Plaintiff has not provided a first name for Dr. Eppolito. The other defendants named in the complaint are Nurse Gail McKenna, Nurse Practitioner Judy Baker, the medical departments of the New Hampshire State Prison ("NHSP") and the Northern New Hampshire Correctional Facility ("NCF"), NCF Warden Larry Blaisdell, NCF Chaplain Hoyt, and New Hampshire Department of Corrections ("NHDOC") Commissioner William Wrenn.  I construe the claim against the NCF medical department to be against NCF medical director Robert McLeod, who I find Chambers intended to name as a defendant.  I further find that Chambers intended to name Unit Manager Thyng, Unit Counselor Judy Smiley, Major Cox, NHSP Warden Bruce Cattell, and NHDOC Deputy Commissioner Greg Crompton as defendants, as they are alleged in the body of the complaint to have caused the harm alleged by Chambers.

[2] Chambers filed his initial complaint in this matter (document no. 1) on December 1, 2006.  Chambers then filed an amended complaint on March 7, 2007 (document no. 10).  I find that these documents, considered together, will comprise the complaint in this matter for all purposes.  Any future amendment to the complaint will need to proceed by proper motion to amend filed pursuant to United States District Court for the District of New Hampshire Local Rule 15.1.

inmate at the New Hampshire State Prison, alleges that the defendants, employees of the New Hampshire Department of Corrections, have violated a number of his rights during his incarceration.  The complaint is before me for preliminary review to determine whether, among other things, it states any claim upon which relief might be granted.  See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons fully explained in my Report and Recommendation, issued simultaneously with this Order, I direct that the claim alleging an Eighth Amendment violation for denial of pain medication proceed against defendants Blaisdell, McLeod, Baker, Wrenn, and Eppolito; the ADA and Rehabilitation Act claim for the denial of accommodations in the form of passes proceed against defendants McKenna, Eppolito, and Baker; the § 1983 inadequate vision care claims proceed against defendants Thyng, Smiley, Cattell, and Wrenn; and the § 1983 kosher diet, free exercise, and due process claims proceed against defendant Hoyt.[3]

I order the complaint (document nos. 1 & 10) be served on defendants Blaisdell, McLeod, Baker, Wrenn, Eppolito, McKenna,

---

[3] In my Report and Recommendation, I recommend dismissal of the remaining claims and defendants from this action.

Thyng, Smiley, Cattell, Wrenn, and Hoyt.  The Clerk's office is directed to serve the New Hampshire Office of the Attorney General ("AG's office"), as provided in the Agreement On Acceptance Of Service, copies of this order, the Report and Recommendation, and the complaint (document nos. 1 & 10).  See LR 4.3(d)(2)(C).  Within thirty days from receipt of these materials, the AG's office will submit to the court an Acceptance of Service notice specifying those defendants who have authorized the AG's office to receive service on their behalf.  When the Acceptance of Service is filed, service will be deemed made on the last day of the thirty-day period.

 As to those defendants who do not authorize the AG's office to receive service on their behalf or whom the AG's office declines to represent, the AG's office shall, within thirty days from receipt of the aforementioned materials, provide a separate list of the last known addresses of such defendants.  The Clerk's office is instructed to complete service on these individuals by sending to them, by certified mail, return receipt requested, copies of these same documents.

Defendants are instructed to answer or otherwise plead within twenty days of acceptance of service.  See Fed. R. Civ. P. 12(a)(1)(A).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the Defendants by delivering or mailing the materials to them or their attorneys, pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:     May 30, 2007

cc:       Randolph L. Chambers, pro se